IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN THOMAS BECHARD,

                    Plaintiff,

v.

LISA WALKER and RYAN KULINSKI,

                    Defendants.

OPINION and ORDER

20-cv-818-jdp

---

Plaintiff Ryan Thomas Bechard, appearing pro se, filed this lawsuit in the Circuit Court for Eau Claire County, Wisconsin. Defendant Ryan Kulinski, an employee at the Eau Claire office of the Social Security Administration, removed the case to this court under 28 U.S.C. § 1442(a)(1) ("Federal officers or agencies sued or prosecuted"). Kulinski has filed a motion asking the court to screen the complaint under its inherent authority or alternatively for dismissal under Federal Rule of Civil Procedure 12(b)(6).

Kulinski is correct that this court has the inherent authority to screen and dismiss the case sua sponte. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). Bechard has not responded to Kulinski's arguments for dismissal.

Bechard has filed numerous cases in this court that have been dismissed for lack of subject matter jurisdiction, finally earning him a filing bar: the clerk of court has been directed to refuse new lawsuits by Bechard until he pays a $500 sanction. *See Bechard v. Rios*, No. 14-cv-

867-wmc, 2014 WL 7366226, at *2 (W.D. Wis. Dec. 24, 2014) (listing Bechard's cases and issuing fling bar). That sanction does not apply to Bechard's current case because Kulinski removed it. But Bechard's current operative pleading—his amended "petition for declaratory relief" in the state-court action, Dkt. 1-6—has the same problems as his complaint in the '867 case. He wants the court to declare that he and his family members "are released as trustee/instrumentality from the 'United States,'" a status that he believes was caused by the issuance of social security cards to them. Bechard's pleading is grounded in long-discredited "sovereign citizen" theories of government illegitimacy that cannot support any viable claims. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous); *Bechard*, 2014 WL 7366226 at *1 (case dismissed where Bechard "maintain[ed] that the social security number that issued along with his birth certificate . . . is really an identification number for a German-owned insurance policy."). Because Bechard brings no plausible claims against either Kulinski or against non-moving defendant Lisa Walker, the state registrar of vital records, I will dismiss the case with prejudice.

ORDER

IT IS ORDERED that:

1. Defendant Kulinski's motion to screen the complaint or to dismiss, Dkt. 2, is GRANTED. This case is DISMISSED with prejudice as frivolous.

2. The clerk of court is directed to enter judgment for defendants and close this case.

Entered October 29, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge